IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GUSTAVO RIOS MENDIOLA,**

    Petitioner,

vs.                                    Case No. 4:13cv253-MW/CAS

**LEE COUNTY JUSTICE CENTER,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, doc. 1, and a motion for leave to proceed in forma pauperis, doc. 2. Ruling should be deferred on the in forma pauperis motion, doc. 2, because this case was not properly filed in this Court.

It is likely that Petitioner did not intend for this case to be brought in this Court because at the top of the petition, Petitioner indicated this case was to be filed in the "Fort Myers, FL" Division. Ft. Myers is a Division within the Middle District of Florida. Moreover, the named Respondent in this case is Lee County Justice Center; Lee County is also within the Ft. Myers Division. Petitioner indicates he is located at the Krome Service Processing Center which is in Miami, Florida. Miami, however, is within the territorial jurisdiction of the Southern District of Florida.

Under 28 U.S.C. § 2241(d), this Court has discretion in the furtherance of justice to transfer a petition for writ of habeas corpus to another district court. Section 2241(d) also provides concurrent jurisdiction in the district in which the petitioner is in custody, or in the district in which petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). The petition has been reviewed to determine the most appropriate venue for this case pursuant to 28 U.S.C. § 1404(a).[1]

Petitioner indicates this case concerns both "a conviction" and immigration or removal. Doc. 1 at 2. Petitioner advises that he was either charged or convicted in Lee County of three charges after entering a guilty plea. *Id.* Petitioner appealed his conviction and states it was denied on April 5, 2013. *Id.* In this, Petitioner's "first habeas corpus motion," Petitioner contends his guilty plea was unknowing and involuntary because counsel never advised him that his conviction could have immigration consequences.[2] Therefore, because this petition concerns the criminal conviction, it should be transferred to the Middle District of Florida for all further proceedings.

---

[1] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

[2] Presumably, Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty to criminal charges. It is unclear whether this claim could go forward after the ruling in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013). The petition is not clear on indicating whether Petitioner's conviction was final prior to Padilla.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this petition for writ of error coram nobis be **TRANSFERRED** to the United States District Court for the Southern District of Florida, Miami Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 3, 2013.

                                         S/    Charles A. Stampelos
                                         **CHARLES A. STAMPELOS**
                                         **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**